UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EDWARD A. McCARTHY, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO.: 04-10335-RWZ |
| McLANE COMPANY, INC. and | ) | |
| CONSTRUCTION MANAGEMENT | ) | |
| TECHNOLOGY, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## ANSWER OF DEFENDANT McLANE COMPANY, INC.

Now comes defendant McLane Company, Inc. ("McLane"), and for its Answer to the

Complaint of the plaintiff, Edward A. McCarthy, states as follows in response to each

corresponding paragraph therein:

1.      Defendant McLane is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore,

neither admits nor denies said allegations but calls upon the plaintiff to prove the same.

2.      Denied; except McLane admits that it is a corporation with offices in Temple,

Texas.

3.      Defendant McLane is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore,

neither admits nor denies said allegations but calls upon the plaintiff to prove the same.

4.    Denied; except McLane admits that at all times mentioned in the Complaint, it was the lessee of certain land and buildings at 111 Constitution Boulevard, Franklin, Massachusetts.

5.    Defendant McLane is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, neither admits nor denies said allegations but calls upon the plaintiff to prove the same; except McLane admits that it hired Construction Management Technology ("CMT") as the general contractor to oversee construction at the McLane Warehouse Conversion.

6.    Defendant McLane is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, neither admits nor denies said allegations but calls upon the plaintiff to prove the same.

7.    Defendant McLane is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, neither admits nor denies said allegations but calls upon the plaintiff to prove the same.

8.    Defendant McLane is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, neither admits nor denies said allegations, but calls upon the plaintiff to prove the same.

9.    Denied; except McLane admits that the facilities included an outdoor parking area.

10.    Denied.

11.    Defendant McLane is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and,

therefore, neither admits nor denies said allegations but calls upon the plaintiff to prove the same.

13. Denied.

13. Defendant McLane is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, neither admits nor denies said allegations but calls upon the plaintiff to prove the same.

14. Defendant McLane is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, neither admits nor denies said allegations but calls upon the plaintiff to prove the same.

15. Defendant McLane is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, neither admits nor denies said allegations but calls upon the plaintiff to prove the same.

16. Defendant McLane is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, neither admits nor denies said allegations but calls upon the plaintiff to prove the same.

17. Defendant McLane is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, neither admits nor denies said allegations but calls upon the plaintiff to prove the same.

18.    Paragraph 18 of the Complaint contains only allegations of law.  To the extent any allegations of fact are deemed included in paragraph 18, they are denied.

19.    Denied.

20.    Denied.

21.    Denied.

22 - 40. The allegations in paragraphs 22 through 40 of the plaintiff's Complaint are directed toward defendant CMT, not McLane.  To the extent any allegations are deemed to be directed to defendant McLane, they are denied.

### FIRST AFFIRMATIVE DEFENSE

The plaintiff was negligent, which negligence was greater than the defendants' negligence, and therefore the plaintiff is not entitled to any recovery pursuant to G.L. c. 231, §85.

### SECOND AFFIRMATIVE DEFENSE

If the plaintiff's negligence was less than any negligence on the part of the defendants, then any damages to the plaintiff should be diminished in proportion to the amount of negligence attributable to the plaintiff pursuant to G.L. c. 231, §85.

### THIRD AFFIRMATIVE DEFENSE

The injuries and damages, if any, sustained by the plaintiff were due to or caused by the acts or omissions of a person or persons for whose acts or conduct, the defendant McLane is not legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

At the time of the plaintiff's alleged injuries, he was in violation of statutes, laws or ordinances of the Commonwealth of Massachusetts and, therefore, he is barred from recovery.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to join a necessary party, to wit, Lincoln Franklin LLC, the landlord who leased the premises to McLane, who is subject to service of process and the jurisdiction of this Court, and in whose absence complete relief cannot be accorded among the present parties; and the Complaint must therefore be dismissed pursuant to Mass.R.Civ.P. 12(b)(7) and 19.

**WHEREFORE**, defendant, McLane Company, Inc., demands entry of judgment dismissing the Complaint and awarding McLane reasonable costs and attorney's fees for its defense of this action.

DEFENDANT McLANE COMPANY, INC. DEMANDS A TRIAL BY JURY.

McLANE COMPANY, INC.
By its attorney,

February 25, 2004                    /s/_____

Wesley S. Chused (BBO #083520)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA  02110
(617) 951-2800

## CERTIFICATE OF SERVICE

I hereby certify that I on February 25, 2004 served a copy of the foregoing pleading upon all parties hereto by mailing copies thereof, via first class mail, postage prepaid, properly addressed to:

George A. Malliaros, Esq.
1794 Bridge Street, Suite 22B
Dracut, MA 01826

Construction Management Technology
15280 Addison Road, #300
Addison, TX 75001


_/s/_____
Wesley S. Chused