UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

EDWARD MCCARTHY, )
    Plaintiff )
)
V. ) CIVIL NO. 04-10335-RWZ
)
MCLANE COMPANY, INC., and )
CONSTRUCTION MANAGEMENT )
TECHNOLOGY, )
    Defendants )

## ANSWER OF THE DEFENDANT, CONSTRUCTION MANAGEMENT TECHNOLOGY, AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Defendant can neither admit nor deny the allegations of Paragraph 1 of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

2. The Defendant can neither admit nor deny the allegations of Paragraph 2 of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

3. The Defendant admits the allegations of Paragraph 3 of the Plaintiff's Complaint.

### COUNT I
### NEGLIGENCE OF THE DEFENDANT, MCLANE

4. The Defendant can neither admit nor deny the allegations of Paragraph 4 of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

5. The Defendant admits the allegations of Paragraph 5 of Count I of the Plaintiff's Complaint.

6. The Defendant admits the allegations of Paragraph 6 of Count I of the Plaintiff's Complaint.

7. The Defendant can neither admit nor deny the allegations of Paragraph 7 of Count I of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

8. The Defendant can neither admit nor deny the allegations of Paragraph 8 of Count I of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

9. The Defendant can neither admit nor deny the allegations of Paragraph 9 of Count I of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

10. The Defendant can neither admit nor deny the allegations of Paragraph 10 of Count I of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

11. The Defendant can neither admit nor deny the allegations of Paragraph 11 of Count I of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

12. The Defendant can neither admit nor deny the allegations of Paragraph 12 of Count I of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

13. The Defendant can neither admit nor deny the allegations of Paragraph 13 of Count I of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

14. The Defendant can neither admit nor deny the allegations of Paragraph 14 of Count I of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

15. The Defendant denies the allegations of Paragraph 15 of Count 1 of the Plaintiff's Complaint.

16. The Defendant denies the allegations of Paragraph 16 of Count 1 of the Plaintiff's Complaint.

17. The Defendant denies the allegations of Paragraph 17 of Count 1 of the Plaintiff's Complaint.

18. The Defendant can neither admit nor deny the allegations of Paragraph 18 of Count I of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

19. The Defendant can neither admit nor deny the allegations of Paragraph 19 of Count I of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

20. The Defendant can neither admit nor deny the allegations of Paragraph 20 of Count I of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

21. The Defendant can neither admit nor deny the allegations of Paragraph 21 of Count I of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

## COUNT II
## NEGLIGENCE OF THE DEFENDANT, CMT

22. The Defendant incorporates herein by reference its answers to Paragraphs 1 through 21 of the Plaintiff's Complaint as if set forth word for word.

23. The Defendant can neither admit nor deny the allegations of Paragraph 23 of Count II of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

24. The Defendant admits the allegations of Paragraph 24 of Count II of the Plaintiff's Complaint.

25. The Defendant admits the allegations of Paragraph 25 of Count II of the Plaintiff's Complaint.

26. The Defendant can neither admit nor deny the allegations of Paragraph 26 of Count II of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

27. The Defendant can neither admit nor deny the allegations of Paragraph 27 of Count II of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

28. The Defendant can neither admit nor deny the allegations of Paragraph 28 of Count II of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

29. The Defendant denies the allegations of Paragraph 29 of Count II of the Plaintiff's Complaint.

30. The Defendant can neither admit nor deny the allegations of Paragraph 30 of Count II of the Plaintiff's Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

31. The Defendant denies the allegations of Paragraph 31 of Count II of the Plaintiff's Complaint.

32. The Defendant denies the allegations of Paragraph 32 of Count II of the Plaintiff's Complaint.

33. The Defendant denies the allegations of Paragraph 33 of Count II of the Plaintiff's Complaint.

34. The Defendant denies the allegations of Paragraph 34 of Count II of the Plaintiff's Complaint.

35. The Defendant denies the allegations of Paragraph 35 of Count II of the Plaintiff's Complaint.

36. The Defendant denies the allegations of Paragraph 36 of Count II of the Plaintiff's Complaint.

37. The allegation contained within Paragraph 37 of Count II of the Plaintiff's Complaint is neither admitted nor denied as it calls for a legal conclusion.

38. The Defendant denies the allegations of Paragraph 38 of Count II of the Plaintiff's Complaint.

39. The Defendant denies the allegations of Paragraph 39 of Count II of the Plaintiff's Complaint.

40. The Defendant denies the allegations of Paragraph 40 of Count II of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

And further answering, the Defendant says that the injuries and damages alleged were caused in whole or in part by negligence of the Plaintiff to a degree greater than any alleged negligence of the Defendant.

### Second Affirmative Defense

And further answering, the Defendant says that the injuries and damages alleged were not caused by the act or acts of any person for whose conduct the Defendant was legally responsible.

### Third Affirmative Defense

And further answering, the Defendant says that the location of the Plaintiff's alleged fall was not an area within the care, custody or control of the Defendant and the Plaintiff is thereby barred from recovery.

### Fourth Affirmative Defense

And further answering, the Defendant says that the Complaint fails to state a claim against the Defendant upon which relief can be granted.

### Fifth Affirmative Defense

And further answering, the Defendant denies that it was negligent, careless or grossly negligent in any manner.

### Sixth Affirmative Defense

And further answering, the Defendant says that the Plaintiff failed to exercise due care at the time of the accident.

### Seventh Affirmative Defense

And further answering, the Defendant denies management, supervision, inspection or testing, maintenance, ownership or control of the premises alleged in the Plaintiff's Complaint.

Wherefore, the Defendant demands that the Plaintiff's Complaint be dismissed and that judgment enter thereon for Defendant, Construction Management Technology, together with costs.

## JURY CLAIM

In the above named action, the Defendant, Construction Management Technology, claims a trial by jury on all issues.

                Construction Management Technology
                By its attorney,

                Patrick M. McCormack
                B.B.O. No. 546194
                Law Offices of Jacqueline L. Allen
                262 Washington Street, Suite 601
                Boston, MA 02108
                617-878-4614

## CERTIFICATE OF SERVICE

I, Patrick M. McCormack, attorney for the Defendant, Construction Management Technology, in the above-entitled action, hereby certify that on the _____ day of March, 2004, I mailed a copy of the within Answer to Plaintiff's Complaint, postage prepaid, to:

| | |
|---|---|
| George A. Malliaros, Esq. | Wesley S. Chused |
| 1794 Bridge Streeet, Suite 22B | Looney & Grossman LLP |
| Dracut, MA 01826 | 101 Arch Street |
| | Boston, MA 02110 |

Patrick M. McCormack
B.B.O. No. 546194
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
617-878-4614

# LAW OFFICES OF JACQUELINE L. ALLEN

A STAFF COUNSEL OFFICE OF CNA INSURANCE COMPANIES

262 WASHINGTON STREET, SUITE 601
BOSTON, MASSACHUSETTS 02108
(617) 878-4600
FAX NO. (617) 878-4650

DIRECT DIAL NO. (617) 878-4614
E-MAIL ADDRESS: patrick.mccormack@cna.com

F. J. MCDONALD

JACQUELINE L. ALLEN
DOUGLAS K. BIRKENFELD¤
JON S. HARTMERE
STEVEN C. KENNEDY
PATRICK M. MCCORMACK
MICHAEL J. MASCISE
PAUL M. SCANNELL
MARTIN T. SULLIVAN

¤DISTRICT OF COLUMBIA
ɛVIRGINIA



March 12, 2004

United States District Court
One Courthouse Way
Federal Building and Courthouse
Boston, MA 02110

RE:   PLAINTIFF: Edward McCarthy
      DEFENDANT: McLane Company, Inc., et al
      CIVIL NO. 04-10335-RWZ

Dear Sir/Madam:

Enclosed for filing herewith find original pleadings in the above-entitled action:

   Answer of the Defendant, Construction Management Technology

Thank you for your attention to this matter.

Very truly yours,

Patrick M. McCormack

PMM/db
Enclosure
cc:   George A. Malliaros, Esquire
      1794 Bridge Steet Suite 22B
      Dracut, MA 01826

      Wesley S. Chused, Esquire
      Looney & Grossman
      101 Arch Street
      Boston, MA 02110

      John Chaney
      Claim No. 29834975-F2