UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EDWARD A. McCARTHY,<br>    Plaintiff<br><br>v.<br><br>McLANE COMPANY, INC.,<br>CONSTRUCTION MANAGEMENT<br>TECHNOLOGY, and<br>LINCOLN FRANKLIN, LLC<br>    Defendants | Civil Action No.<br>04-10335-RWZ<br><br><br><br>**FIRST AMENDED**<br>**COMPLAINT AND**<br>**JURY DEMAND** |

## PARTIES

1. The Plaintiff, Edward A. McCarthy (hereinafter referred to as "Plaintiff"), is a resident of Dracut, Middlesex County, Commonwealth of Massachusetts.

2. The Defendant, McLane Company, Inc., (hereinafter referred to as "Defendant McLane"), is a company with corporate offices in Temple, Bell County, Texas, which at all times alleged hereinafter owned a facility located in Franklin, Norfolk County, Commonwealth of Massachusetts

3. The Defendant, Construction Management Technology, (hereinafter referred to as "Defendant CMT"), is a company located in Addison, Dallas County, Texas, which at all times alleged hereinafter contracted to act as the General Contractor for a construction project located in Franklin, Norfolk County, Commonwealth of Massachusetts.

4. The Defendant, Lincoln Franklin, LLC, (hereinafter referred to as "Defendant Lincoln Franklin"), is a company with corporate offices in Delaware, with local offices in Boston, Suffolk County, Massachusetts, which at all times alleged hereinafter owned a facility located in Franklin, Norfolk County, Commonwealth of Massachusetts.

GEORGE A. MALLIAROS
ATTORNEY AT LAW
1794 BRIDGE STREET
SUITE #22B
DRACUT, MA 01826

(978) 452-6641

## COUNT I:
## NEGLIGENCE OF THE DEFENDANT, McLANE

5. The Defendant, McLane, is and at all times herein mentioned was, the registered owner of a parcel of land, referred to as the McLane Warehouse Conversion, located at 111 Constitution Blvd., Franklin, Massachusetts.

6. The Defendant, CMT, is and at all times herein mentioned was, the general contractor overseeing construction at the McLane Warehouse Conversion.

7. The Defendant, CMT, subcontracted with Bay State Industrial Welding ("Bay State"), which is located at 10 Flagstone Dr., Hudson, New Hampshire, for work to be done at the McLane Warehouse Conversion.

8. At all times herein mentioned, the Plaintiff was employed by said Bay State as a pipefitter.

9. At all times herein mentioned, the Plaintiff was working in his capacity as a pipefitter for Bay State, on location at the McLane Warehouse Conversion.

10. The facilities at the McLane Warehouse Conversion where the Plaintiff worked included an outdoor parking area and enclosed garages, accessed through garage doors.

11. On March 9, 2001, and for a long period of time prior thereto, the Defendant, McLane, carelessly and negligently permitted the unnatural accumulation of large amounts of snow and ice in said outdoor parking area, such that the accumulation constituted a foreseeable hazard to said workers.

12. Prior to March 9, 2001, Bill Fuller, an employee of Bay State, who was working in the same parking lot, complained to the head of Defendant, CMT, about the dangerous icy conditions in the parking lot.

13. Despite said warnings, the Defendant, McLane, failed to treat or remove the buildup of ice in the area where the Plaintiff, and other Bay State employees, were working.

GEORGE A. MALLIAROS
ATTORNEY AT LAW
1794 BRIDGE STREET
SUITE #22B
DRACUT, MA 01826

(978) 452-6641

14. On March 9, 2001, at approximately 8:30 a.m., the Plaintiff was working in said parking lot, transferring supplies and equipment to the garage, when he slipped on ice and fell violently to the ground, landing on his back.

15. As a direct and proximate result of the carelessness and negligence of the Defendant, McLane, the Plaintiff suffered serious bodily injuries, including a herniated disk at L4-L5.

16. Because of said injuries, the Plaintiff suffered great pain and suffering. The Plaintiff is informed and believes and upon such information and belief alleges that said injuries are permanent in their nature.

17. In order to properly treat said injuries, it was necessary to employ physicians.

18. The Plaintiff is informed and believes that he may incur further expenses in the future for the treatment of said injuries, the exact amount of which is unknown at this time.

19. At all times herein mentioned, the Defendant, McLane, owed the Plaintiff a duty of reasonable care to keep said parking lot free from dangerous unnatural accumulations of snow and ice.

20. The Defendant, McLane, breached its duty to the Plaintiff by allowing a dangerous amount of snow and ice to accumulate on said areas of its property.

21. The Defendant, McLane, knew or reasonably should have known, that the unnatural accumulation of large amounts of snow and ice on said areas could result in injuries to persons passing on said areas.

22. The Defendant, McLane, was negligent in allowing the unnatural accumulation of snow and ice. Such wrongful and negligent conduct was the direct and proximate cause of the injuries incurred by the Plaintiff.

WHEREFORE, the Plaintiff, Edward A. McCarthy, demands a judgment against the Defendant, McLane, plus costs and such other relief as this court may deem just and proper.

GEORGE A. MALLIAROS
ATTORNEY AT LAW
1794 BRIDGE STREET
SUITE #228
DRACUT, MA 01826

(978) 452-6641

## COUNT II:
## NEGLIGENCE OF THE DEFENDANT, CMT

23.     The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 22 as if fully set forth herein.

24.     The Defendant, McLane, is and at all times herein mentioned was, the registered owner of a parcel of land, referred to as the McLane Warehouse Conversion, located at 111 Constitution Blvd., Franklin, Massachusetts.

25.     The Defendant, CMT, is and at all times herein mentioned was, the general contractor overseeing construction at the McLane Warehouse Conversion.

26.     The Defendant, CMT, subcontracted with Bay State Industrial Welding ("Bay State"), which is located at 10 Flagstone Dr., Hudson, New Hampshire, for work to be done at the McLane Warehouse Conversion.

27.     At all times herein mentioned, the Plaintiff was employed by said Bay State as a pipefitter.

28.     At all times herein mentioned, the Plaintiff was working in his capacity as a pipefitter for Bay State, on location at the McLane Warehouse Conversion.

29.     The facilities at the McLane Warehouse Conversion where the Plaintiff worked included an outdoor parking area and enclosed garages, accessed through garage doors.

30.     On March 9, 2001, and for a long period of time prior thereto, the Defendant, CMT, carelessly and negligently permitted the unnatural accumulation of large amounts of snow and ice in said outdoor parking area, such that the accumulation constituted a foreseeable hazard to said workers.

31.     Prior to March 9, 2001, Bill Fuller, an employee of Bay State, who was working in the same parking lot, complained to the head of Defendant, CMT, about the dangerous icy conditions in the parking lot.

GEORGE A. MALLIAROS
ATTORNEY AT LAW
1794 BRIDGE STREET
SUITE #22B
DRACUT, MA 01826

(978) 452-6641

4

32. Despite said warnings, the Defendant, CMT, failed to treat or remove the buildup of ice in the area where the Plaintiff, and other Bay State employees, were working.

33. On March 9, 2001, at approximately 8:30 a.m., the Plaintiff was working in said parking lot, transferring supplies and equipment to the garage, when he slipped on ice and fell violently to the ground, landing on his back.

34. As a direct and proximate result of the carelessness and negligence of the Defendant, CMT, the Plaintiff suffered serious bodily injuries, including a herniated disk at L4-L5.

35. Because of said injuries, the Plaintiff suffered great pain and suffering. The Plaintiff is informed and believes and upon such information and belief alleges that said injuries are permanent in their nature.

36. In order to properly treat said injuries, it was necessary to employ physicians.

37. The Plaintiff is informed and believes that he may incur further expenses in the future for the treatment of said injuries, the exact amount of which is unknown at this time.

38. At all times herein mentioned, the Defendant, CMT, as general contractor, owed a duty to provide a safe workplace environment for the subcontractors, agents, and servants.

39. The Defendant, CMT, breached its said duty to the Plaintiff by allowing a dangerous amount of snow and ice to accumulate on said areas where subcontractors were working.

40. The Defendant, CMT, knew or reasonably should have known, that the unnatural accumulation of large amounts of snow and ice on said areas could result in injuries to workers passing on said areas.

41. The Defendant, CMT, was negligent in allowing the unnatural accumulation of snow and ice. Such wrongful and negligent conduct was the direct and proximate cause of the injuries incurred by the Plaintiff.

GEORGE A. MALLIAROS
ATTORNEY AT LAW
1794 BRIDGE STREET
SUITE #228
DRACUT, MA 01826

(978) 452-6641

5

WHEREFORE, the Plaintiff, Edward A. McCarthy, demands a judgment against the Defendant, CMT, plus costs and such other relief as this court may deem just and proper.

## COUNT III:
## NEGLIGENCE OF THE DEFENDANT, LINCOLN FRANKLIN, LLC

42. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

43. The Defendant, Lincoln Franklin, is and at all times herein mentioned was, the registered owner of a parcel of land, referred to as the McLane Warehouse Conversion, located at 111 Constitution Blvd., Franklin, Massachusetts.

44. The Defendant, CMT, is and at all times herein mentioned was, the general contractor overseeing construction at the McLane Warehouse Conversion.

45. The Defendant, CMT, subcontracted with Bay State Industrial Welding ("Bay State"), which is located at 10 Flagstone Dr., Hudson, New Hampshire, for work to be done at the McLane Warehouse Conversion.

46. At all times herein mentioned, the Plaintiff was employed by said Bay State as a pipefitter.

47. At all times herein mentioned, the Plaintiff was working in his capacity as a pipefitter for Bay State, on location at the McLane Warehouse Conversion.

48. The facilities at the McLane Warehouse Conversion where the Plaintiff worked included an outdoor parking area and enclosed garages, accessed through garage doors.

49. On March 9, 2001, and for a long period of time prior thereto, the Defendant, Lincoln Franklin, carelessly and negligently permitted the unnatural accumulation of large amounts of snow and ice in said outdoor parking area, such that the accumulation constituted a foreseeable hazard to said workers.

GEORGE A. MALLIAROS
ATTORNEY AT LAW
1794 BRIDGE STREET
SUITE #22B
DRACUT, MA 01826

(978) 452-6641

50. Prior to March 9, 2001, Bill Fuller, an employee of Bay State, who was working in the same parking lot, complained to the head of Defendant, CMT, about the dangerous icy conditions in the parking lot.

51. Despite said warnings, the Defendant, Lincoln Franklin, failed to treat or remove the buildup of ice in the area where the Plaintiff, and other Bay State employees, were working.

52. On March 9, 2001, at approximately 8:30 a.m., the Plaintiff was working in said parking lot, transferring supplies and equipment to the garage, when he slipped on ice and fell violently to the ground, landing on his back.

53. As a direct and proximate result of the carelessness and negligence of the Defendant, Lincoln Franklin, the Plaintiff suffered serious bodily injuries, including a herniated disk at L4-L5.

54. Because of said injuries, the Plaintiff suffered great pain and suffering. The Plaintiff is informed and believes and upon such information and belief alleges that said injuries are permanent in their nature.

55. In order to properly treat said injuries, it was necessary to employ physicians.

56. The Plaintiff is informed and believes that he may incur further expenses in the future for the treatment of said injuries, the exact amount of which is unknown at this time.

57. At all times herein mentioned, the Defendant, Lincoln Franklin, owed the Plaintiff a duty of reasonable care to keep said parking lot free from dangerous unnatural accumulations of snow and ice.

58. The Defendant, Lincoln Franklin, breached its duty to the Plaintiff by allowing a dangerous amount of snow and ice to accumulate on said areas of its property.

59. The Defendant, Lincoln Franklin, knew or reasonably should have known, that the unnatural accumulation of large amounts of snow and ice on said areas could result in injuries to persons passing on said areas.

GEORGE A. MALLIAROS
ATTORNEY AT LAW
1794 BRIDGE STREET
SUITE #22B
DRACUT, MA 01826

(978) 452-6641

60. The Defendant, Lincoln Franklin, was negligent in allowing the unnatural accumulation of snow and ice. Such wrongful and negligent conduct was the direct and proximate cause of the injuries incurred by the Plaintiff.

WHEREFORE, the Plaintiff, Edward A. McCarthy, demands a judgment against the Defendant, Lincoln Franklin, plus costs and such other relief as this court may deem just and proper.

The Plaintiff,
Edward A. McCarthy,
By his attorney,

George A. Malliaros
BBO#: 315940
1794 Bridge Street, Suite 22B
Dracut, MA 01826
(978) 452-6641

The Defendant,
Construction Management Tech.
By its attorney,

Patrick M. McCormack
BBO#: 546194
Law Offices of Jacqueline L. Allen
262 Washington Street, Ste. 601
Boston, MA 02108
(617) 878-4614

The Defendant,
McLane Company, Inc.,
By its attorney,

Wesley S. Chused
BBO#: 083520
LOONEY & GROSSMAN, LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

Amended Complaint 4-16-04

GEORGE A. MALLIAROS
ATTORNEY AT LAW
1794 BRIDGE STREET
SUITE #22B
DRACUT, MA 01826

(978) 452-6641

## CERTIFICATE OF SERVICE

I, George A. Malliaros, attorney for the Plaintiff, hereby certify that, on this day, I sent, via first-class mail, postage prepaid, a copy of the foregoing Assented to First Amended Complaint and Jury Demand, to all counsel of record, as follows:

> Law Offices of Jacqueline L. Allen
> Attn: Patrick M. McCormack, Esquire
> 262 Washington Street, Suite 601
> Boston, MA 02108
>
> Looney & Grossman, LLP
> Attn: Wesley S. Chused, Esquire
> 101 Arch Street
> Boston, MA 02110-1112

Dated: April 27, 2004

_____
George A. Malliaros

Cert Service 4-27-04

GEORGE A. MALLIAROS
ATTORNEY AT LAW
1794 BRIDGE STREET
SUITE #22B
DRACUT, MA 01826

(978) 452-6641