UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EDWARD A. MCCARTHY,<br>    PLAINTIFF | )<br>) | Civil Action No:<br>04-10335-RWZ |
| VS. | )<br>)<br>) | |
| MCLANE COMPANY, INC.,<br>CONSTRUCTION MANAGEMENT<br>TECHNOLOGY AND<br>LINCOLN FRANKLIN, LLC.,<br>    DEFENDANTS | )<br>)<br>)<br>)<br>) | |

**MEMORANDUM OF LAW OF THE DEFENDANTS, LINCOLN FRANKLIN, LLC AND MCLANE COMPANY, INC., ON THE ISSUE OF WHETHER THE FEDERAL COURT HAS JURISDICTION OVER THIS CASE**

At the recent status conference of this case counsel for the defendants McLane Company Inc. ("McLane") and Lincoln Franklin, LLC., ("Lincoln") was instructed by the Court to submit a brief addressing whether the elements necessary for this Court to have jurisdiction over this case are satisfied. For the reasons set forth herein, counsel for the defendants does not believe that this Court has jurisdiction over this case, as the addition of Lincoln to the case, along with the recent addition of All-Phases Corp. as a third party defendant, has destroyed the diversity jurisdiction that existed when this action was removed to the Federal Court.

I.   **BACKGROUND INFORMATION**

The plaintiff was allegedly injured when he slipped and fell on snow and ice at the Franklin Industrial Park in Franklin, Massachusetts. The plaintiff initially brought suit in the Middlesex Superior Court against defendants McLane and Construction Management Technology, Inc. ("CMTI"). Since the plaintiff was a resident of Massachusetts and both defendants were Texas corporations previous counsel for McClane removed the lawsuit to the Federal Court based upon diversity jurisdiction.

The plaintiff initially believed that McLane was the owner of the property where the fall took place but later learned that McLane was a tenant of Lincoln, the actual owner of property. As a result, the plaintiff filed an Amended Complaint naming Lincoln Franklin as an additional defendant.[1]

Lincoln had a contract with a third party, All Phases Corp. ("All Phases"), whereby All Phases agreed to perform snow removal services for Lincoln at the Franklin Industrial Park. The contract provided that All Phases would indemnify Lincoln for claims against Lincoln relating to snow removal services performed by All Phases. Pursuant to that contract Lincoln prepared a motion to file a third-party complaint against All Phases, along with the third-party Complaint, to submit to the court. However, Judge Gordon gave Lincoln permission to proceed with the filing of the third-party complaint at the recent status conference of this case, and the third-party complaint has now been filed with the Court. All Phases is a Massachusetts business with a principle place of business in Franklin, Massachusetts.

Lincoln Franklin entered into a contract with the Lincoln Property Company for Lincoln Property to manage the Franklin Industrial Park which was owned by Lincoln Franklin. At present Lincoln Property is not a defendant in the lawsuit. However, since operations at the Franklin Industrial Park had been delegated by Lincoln Franklin to Lincoln Property it is likely that Lincoln Property will be added to the case at some later time as a party with an interest in the Franklin Industrial Park.

## II.   DIVERSITY STANDARD

The diversity requirements are set forth in 28 U.S.C. § 1332. Section 1332 provides that Federal District Courts have original jurisdiction when the matter in controversy exceeds

---

[1] The lease agreement between McLane and Lincoln provided that Lincoln would indemnify McLane for all claims related to snow and ice issues involving the premises. Pursuant to the indemnity agreement counsel for Lincoln recently took over the handling of this action for McLane.

$75,000 and is between citizens of different states.  28 U.S.C. § 1332(a).  Subsection (c)(1) of § 1332 states that a corporation is to be treated as a citizen of any state in which it is incorporated **and** of the state in which it has it principal place of business. (emphasis added).  "In order to establish federal diversity jurisdiction, the diversity of citizenship must be complete."  Barrows v. Robson, 993 F. Supp. 17, 18 (D. Mass. 1997).

Where District Court's subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332 requires complete diversity, which means that no plaintiff can be a citizen of the same state of any of the party defendants.  Charles Dowd Box Co. v. Fireman's Fund Ins. Co., 303 F 2d 57, 59 (1st Cir. 1962).  Under this principle this action must be remanded to the Middlesex Superior Court if there is not complete diversity between the plaintiff and all of the party defendants.

### III.    ARGUMENT

For two reasons it seems clear that there is no longer the diversity necessary for this action to be pending in the federal court.  First, the newly added defendant All Phases is a Massachusetts company with a principal place of business in Franklin, Massachusetts.  The addition of All Phases would seem to clearly destroy diversity jurisdiction.

Moreover, it would appear that the earlier addition of Lincoln Franklin by virtue of the plaintiff's Amended Complaint had the effect of destroying jurisdiction.  Although Lincoln Franklin is a Delaware Corporation, its principle place of operations relative to the Franklin Industrial Park was in Burlington, Massachusetts, as the Lincoln Property manager with respect to the Lincoln Franklin property is located in Burlington.

The Lincoln Property Company is based out of Dallas, Texas and Lincoln Property owns and manages properties throughout the country.  Lincoln Franklin, LLC was established by

Lincoln Property to serve as the owner of the Franklin Industrial Park. There is no separate office for the Lincoln Franklin entity, and operations related to Lincoln Franklin were controlled by Lincoln Property.

Lincoln Property has locations throughout the country, and each location is typically controlled by a regional office for Lincoln. Although the corporate headquarters for Lincoln Property is in Texas, the principle place of business for each location that is handled by Lincoln Property is a location in each respective state where the property is located. In Massachusetts, there is one central regional office in Boston and there are various site offices across the state from which the various locations which are managed or owned by Lincoln are managed. In the instant case, the site location from which the Franklin Industrial Park was run was based out of Burlington, Massachusetts, and that was where the property manager or the Franklin Industrial Park was based.

For the purposes of evaluating the residence of Lincoln Franklin for diversity purposes the principle place of business is clearly in Massachusetts, either through the regional office of Lincoln Property in Boston or by virtue of the site location in Burlington. Either of these locations constituted an actual business center for Lincoln Franklin for the purposes of a jurisdictional analysis. Since each of these locations are in Massachusetts, and since Massachusetts is the state of residence of the plaintiff, there is no longer diversity jurisdiction in connection with this action.

## IV.    CONCLUSION:

For the reasons set forth herein it is the defendants' position that there is no longer diversity jurisdiction in connection with this lawsuit, and the defendants McLane and Lincoln are unaware of any other basis for this court to exercise jurisdiction over the parties to the lawsuit. It

would therefore seem appropriate for this action to be remanded to the Middlesex Superior Court for further litigation.

                                            Respectfully submitted,
                                            LINCOLN FRANKLIN, LLC.,
                                            By its attorneys,


                                            /s/John P. Knight  /s/Ralph C. Sullivan
                                            John P. Knight, BBO# 631052
                                            Ralph C. Sullivan, BBO# 541992
                                            MORRISON MAHONEY LLP
                                            250 Summer Street
                                            Boston, MA  02210
                                            617-439-7500